UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO: 97-340 |
| GERMAN ALARCON | * | SECTION: "D" |

**ORDER AND REASONS**

Before the court is the **"Amended Motion for Equitable Relief from Unconstitutional Sentence Under F.R.Civ. Pro. 60(b)(6) " (Doc. No. 263)** filed by German Alarcon.  In the memorandum in support of this motion, Alarcon states that:

> On March 9, 2006, Petitioner filed a Rule 60(b) motion **[Doc. No. 260]** seeking relief from his judgment.  In that motion Petitioner raised three (3) claims to show the judgment below was flawed because the procedural standards did not meet constitutional safeguards.  To date, this motion has not been heard.  Petitioner brings this amended Rule 60(b)(6) motion.

(*See* Supporting Memorandum at p. 6).

The record reflects that this court treated Alarcon's original Rule 60(b) motion (Doc. No. 260) as a successive §2255 motion,[1]

---

[1] On February 28, 2001, German Alarcon filed his first §2255 motion (Doc. No. 245), in which he argued that when the court sentenced him, it erroneously attributed 113 kilograms of cocaine to him, when (according to Alarcon) only 2 kilograms should have been attributed to him.  Alarcon moved the court to alter or vacate his sentence based on purported Rule 11(f) violations, *Apprendi*, and ineffective assistance of counsel.  The court denied

which had to be certified "by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §2255 ¶8(2).  Thus, the court ordered that Alarcon's original **"Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure 28 U.S.C.A.," *construed as a successive § 2255 Motion,*[2]** be transferred to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether Petitioner Alarcon was authorized under 28 U.S.C. §2255 and §2244(b)(3)(A), to file that motion in this District Court.  (*See* Order and Reasons, Doc. No. 261, entered on March 21, 2006).

However, the court has now discovered that neither Alarcon nor the Fifth Circuit received the court's Order and Reasons (Doc. No. 261) when this document was entered into the record on March 21, 2006.  Doc. No. 261 was mailed to Alarcon at the FCI in Beaumont, Texas, but the document was returned to the Clerk's office as undeliverable.  (*See* Doc. No. 262).  According to Alarcon's most recent filings, he is presently imprisoned at the FCI in Big Spring, Texas.  The Clerk's office has now updated Alarcon's mailing address, and it has sent Alarcon the court's Order and Reasons (Doc. No. 261) to his FCI address in Big Spring, Texas.

---

this §2255 motion.  (*See* Docs. Nos. 249 & 250).  On December 12, 2002, the Fifth Circuit denied Alarcon's motion for a certificate of appealability to appeal this court's denial of his §2255 motion.  (*See* Doc. No. 259).

[2]   In his original Rule 60(b) Motion, Alarcon makes many of the same arguments made in his first §2255 motion, i.e., he was sentenced in violation of Rule 11(f) and *Apprendi*.

Through clerical error, Alarcon's first Rule 60(b) motion was not transferred to the Fifth Circuit, pursuant to this court's Order (Doc. No. 261).  However, on July 23, 2007, the Clerk's Office sent a certified copy of the court's Order (Doc. No. 261) to the Fifth Circuit so that it can determine whether Alarcon was authorized to file his first Rule 60(b) Motion in this court.

*If* Alarcon's first Rule 60(b) motion had been promptly transferred to the Fifth Circuit when the court's Order and Reasons (Doc. No. 261) was entered, the filing of Alarcon's instant Amended Rule 60(b) Motion may have been obviated.  Nevertheless, the court also treats Alarcon's Amended Rule 60(b) Motion (Doc. No. 263) as a successive §2255 motion,[3] and like Alarcon's first Rule 60(b) Motion, it too must be transferred to the Fifth Circuit to determine whether Alarcon is authorized under 28 U.S.C. §2255 and §2244(b)(3)(A), to file his Amended Rule 60(b) motion in this District Court.

Accordingly;

**IT IS ORDERED** that Alarcon's **"Amended Motion for Equitable Relief from Unconstitutional Sentence Under F.R.Civ. Pro. 60(b)(6)" (Doc. No. 263)**, *construed as a successive § 2255 Motion,* be and is hereby **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to

---

[3] In his Amended Rule 60(b) Motion, Alarcon again argues that the court sentenced him based on facts which were not part of his plea (namely, that the court attributed 113 kilograms of cocaine to him, but that he should have been held responsible for only 2 kilograms).  Thus, he seeks to be re-sentenced or be allowed to reject or withdraw his plea agreement and proceed to trial.

3

determine whether Petitioner Alarcon is authorized under 28 U.S.C. §2255 and §2244(b)(3)(A), to file the instant motion in this District Court.

New Orleans, Louisiana, this **24th** day of **July**, **2007**.

_____
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE